**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (CA Bar No. 226112)
Jeffrey M. Rosenfeld (CA Bar No. 222187)
Liana W. Chen (CA Bar No. 296965)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com
liana@KRInternetLaw.com

Attorneys for Plaintiff Oriana Harrison

**Gaurav Bobby Kalra**
Attorney at Law
1024 Iron Point Way, Suite 100
Folsom, CA 95630
Telephone: (650) 785-2562
Facsimile: (650) 618-1965
gbklaw@icloud.com

Attorneys for Defendants
Portfolio Group Management, Inc., Executive Management Solutions, Inc. d/b/a Taxcite, David Glenwinkel, and Kristi Crowley

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ORIANA HARRISON**, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>**PORTFOLIO GROUP MANAGEMENT, INC.**, a Nevada corporation; **EXECUTIVE MANAGEMENT SOLUTIONS, INC., d/b/a TAXCITE**, a California corporation; **DAVID GLENWINKEL**, an individual; and **KRISTI CROWLEY**, an individual,<br><br>  Defendants. | Case No. 2:18-cv-01104-MCE-KJN<br><br>**JOINT STATUS REPORT AND FEDERAL RULE OF CIVIL PROCEDURE 26(f) DISCOVERY PLAN** |

KRONENBERGER ROSENFELD
150 Post Street, Suite 520, San Francisco, CA 94108



The parties to the above-entitled action jointly submit this Joint Status Report and Federal Rule of Civil Procedure Rule 26(f) Discovery Plan pursuant to the Initial Pretrial Scheduling Order dated May 3, 2018, Civil Local Rule 240, and Federal Rule of Civil Procedure 26(f). The parties held a Rule 26(f) phone conference on June 14, 2018.

**A.   Summary of Claims**

Plaintiff has alleged that she contracted with Defendants to assist her with her taxes and in safeguarding and transferring her funds of approximately $1,877,023.24. Plaintiff has further alleged that Defendants failed to complete her taxes and transfer her funds as requested, instead wiring her funds to an unknown Bulgarian bank account pursuant to a third-party email request. Plaintiff asserts claims for negligence, breach of fiduciary duty, breach of contract, violation of Cal. Fin. Code §51000, and conversion.

Defendants have filed an Answer and deny liability and dispute damages.

**B.   Service of Process**

Plaintiff has served all named Defendants.

**C.   Jurisdiction & Venue**

Plaintiff has alleged that this Court has diversity jurisdiction and that Defendants reside in this District, which is where a substantial part of the pertinent events occurred.

**D.   Possible Joinder of Additional Parties and Amendment to Pleadings**

The parties do not currently intend to add new parties; however, the parties reserve the right to seek leave to amend their pleadings as permitted under the Rules.

**E.   Formulation and Simplification of the Issues**

At this time, the parties do not believe that the issues can be simplified.

**F.   Any Variance From the Usual Filing and Service Requirements**

The parties have agreed to accept service of non-filed documents by email, without any additional time added to the computation of time for the method of service.

**G.   Pending and Anticipated Motions**

There are no pending motions. The parties contemplate bringing discovery motions, after satisfying meet-and-confer requirements, and dispositive motions.

**H.     Anticipated Discovery and the Scheduling of Discovery**

The parties propose the following discovery plan:

1) <u>Rule 26(a) Disclosures:</u> The parties have agreed to exchange initial disclosures by June 28, 2018. The parties do not request any changes to the form or requirement for disclosures under Rule 26(a).

2) <u>Subjects on Which Discovery May Be Needed, When Discovery Should Be Completed, and Whether Discovery Should Be Conducted in Phases or Be Limited To or Focused On Particular Issues:</u>

   a) The parties' contract(s) and communications;
   b) The transfer of Plaintiff's funds, including communications between the parties and third parties and related email accounts and devices;
   c) Policies and procedures related to Defendants' services;
   d) Defendants' insurance and any bond or equivalent security;
   e) Plaintiff's damages; and
   f) Plaintiff's representations and efforts to seek relief.

   The parties propose completing discovery on April 30, 2019 and do not believe discovery should be conducted in phases or be limited or focused.

3) <u>Any Issues About Disclosure, Discovery, or Preservation of ESI:</u> None.

4) <u>Any Issues About Claims of Privilege or Protection:</u> The parties have agreed to enter into a stipulated protective order, which will be filed for approval.

5) <u>Changes, if any, that should be made in the limitations on discovery imposed under the Civil Rules:</u> None.

**I.     Avoidance of Unnecessary Proof**

The parties anticipate being able to stipulate to several facts; they do not envision any restrictions on the use of expert testimony beyond those in the Rules.

**J.     Proposed Pretrial and Trial Schedule**

The parties propose the following pretrial and trial schedule:

| Non-Expert Discovery Cut-Off | April 30, 2019 |

| 1 | Expert Designations | June 28, 2019 |
| 2 | Supplemental Expert Designations | July 26, 2019 |
| 3 | Expert Discovery Cutoff | August 26, 2019 |
| 4 | Last Day to File Dispositive Motions | October 25, 2019 |
| 5 | Final Pretrial Conference | TBD by notice of trial readiness* |
| 6 | Trial | TBD by notice of trial readiness* |

*The parties propose filing a notice of trial readiness within 30 days after receiving the Court's ruling(s) on the last filed dispositive motion(s).

**K.    Estimated Length of Trial**

The parties expect this case will be tried to a jury for all issues properly addressed by a jury. At this time, the parties expect the trial to last approximately 4–5 days.

**L.    Appropriateness of Special Procedures**

At this time, the parties do not believe that this case a) is appropriate for special procedures, b) necessitates a separate trial or early presentation of evidence, c) is required to be heard by three judges, or d) draws in issue the constitutionality of a statute or regulations as set forth in 28 U.S.C. §2403.

**M.    Proposed Modifications to Standard Pretrial Procedures**

At this time, the parties do not seek any modification of the standard pretrial procedures.

**N.    Related Cases**

Defendants intend to file a bad faith action against their insurer regarding the insurer's denial of coverage in this action. Defendants will submit a formal notice of related cases if and once that action is filed.

**O.    Prospects for Settlement**

The parties will stipulate to the trial Judge or Magistrate Judge acting as a settlement judge and waive any disqualification by virtue thereof; and the parties are willing to participate in the Voluntary Dispute Resolution Process.

//



**P.    Other Matters**

At this time, the parties do not have any other matters to raise that may facilitate the just, speedy, and inexpensive determination of the action.

Respectfully Submitted,

Dated: June 28, 2018          **KRONENBERGER ROSENFELD, LLP**


By:  /s/ Jeffrey M. Rosenfeld
         Jeffrey M. Rosenfeld

Attorneys for Plaintiff Oriana Harrison

Dated: June 25, 2018          **GAURAV BOBBY KALRA**


By:  /s/ Guarav Bobby Kalra (as authorized on June 25, 2018)
         Gaurav Bobby Kalra

Attorneys for Defendants Portfolio Group Management, Inc., Executive Management Solutions, Inc. d/b/a TaxCite, David Glenwinkel, and Kristi Crowley