**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (CA Bar No. 226112)
Jeffrey M. Rosenfeld (CA Bar No. 222187)
Liana W. Chen (CA Bar No. 296965)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com
liana@KRInternetLaw.com

Attorneys for Plaintiff Oriana Harrison

**Gaurav Bobby Kalra**
Attorney at Law
1024 Iron Point Way, Suite 100
Folsom, CA 95630
Telephone: (650) 785-2562
Facsimile: (650) 618-1965
gbklaw@icloud.com

Attorneys for Defendants
Portfolio Group Management, Inc., Executive
Management Solutions, Inc. d/b/a Taxcite,
David Glenwinkel, and Kristi Crowley

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ORIANA HARRISON**, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>**PORTFOLIO GROUP MANAGEMENT, INC.**, a Nevada corporation;<br>**EXECUTIVE MANAGEMENT SOLUTIONS, INC., d/b/a TAXCITE**, a California corporation;<br>**DAVID GLENWINKEL**, an individual; and<br>**KRISTI CROWLEY**, an individual,<br><br>    Defendants. | Case No. 2:18-cv-01104-MCE-KJN<br><br><br>**STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER** |

KRONENBERGER | ROSENFELD
150 Post Street, Suite 520, San Francisco, CA 94108

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. **DEFINITIONS**

ATTORNEYS' EYES ONLY Information or Items:  extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

CONFIDENTIAL Information or Items:  information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

KRONENBERGER | ROSENFELD

150 Post Street, Suite 520, San Francisco, CA  94108

1   <u>Disclosure or Discovery Material</u>:   all items or information, regardless of the

2   medium or manner in which it is generated, stored, or maintained (including, among other

3   things, testimony, transcripts, and tangible things), that are produced or generated in

4   disclosures or responses to discovery in this matter.

5   <u>Expert</u>:   a person with specialized knowledge or experience in a matter pertinent

6   to the litigation who has been retained by a Party's counsel to serve as an expert witness

7   or as a consultant in this action who is not employed or retained by Party for any other

8   reason.

9   <u>House Counsel</u>:   attorneys who are employees of a party to this action. House

10  Counsel does not include Outside Counsel of Record or any other outside counsel.

11  <u>Non-Party</u>:   any natural person, partnership, corporation, association, or other

12  legal entity not named as a Party to this action.

13  <u>Outside Counsel of Record</u>:   attorneys who are not employees of a party to this

14  action but are retained to represent or advise a party to this action and have appeared in

15  this action on behalf of that party or are affiliated with a law firm which has appeared on

16  behalf of that party.

17  <u>Party</u>:   any party to this action, including all of its officers, directors, employees,

18  consultants, retained experts, and Outside Counsel of Record (and their support staffs).

19  <u>Producing Party</u>:   a Party or Non-Party that produces Disclosure or Discovery

20  Material in this action.

21  <u>Professional Vendors</u>:   persons or entities that provide litigation support services

22  (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

23  organizing, storing, or retrieving data in any form or medium) and their employees and

24  subcontractors.

25  <u>Protected Material</u>:   any Disclosure or Discovery Material that is designated as

26  "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

27  <u>Receiving Party</u>:   a Party that receives Disclosure or Discovery Material from a

28  Producing Party.



1  **3.**   **SCOPE**

2      The protections conferred by this Stipulation and Order cover not only Protected

3  Material (as defined above), but also (1) any information copied or extracted from

4  Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected

5  Material; and (3) any testimony, conversations, or presentations by Parties or their

6  Counsel that might reveal Protected Material. However, the protections conferred by this

7  Stipulation and Order do not cover the following information: (a) any information that is in

8  the public domain at the time of disclosure to a Receiving Party or becomes part of the

9  public domain after its disclosure to a Receiving Party as a result of publication not

10  involving a violation of this Order, including becoming part of the public record through

11  trial or otherwise; and (b) any information known to the Receiving Party prior to the

12  disclosure or obtained by the Receiving Party after the disclosure from a source who

13  obtained the information lawfully and under no obligation of confidentiality to the

14  Designating Party. Any use of Protected Material at trial shall be governed by a separate

15  agreement or order.

16  **4.**   **DURATION**

17      Even after final disposition of this litigation, the confidentiality obligations imposed

18  by this Order shall remain in effect until a Designating Party agrees otherwise in writing

19  or a court order otherwise directs. Final disposition shall be deemed to be the later of (1)

20  dismissal of all claims and defenses in this action, with or without prejudice; and (2) final

21  judgment herein after the completion and exhaustion of all appeals, rehearings, remands,

22  trials, or reviews of this action, including the time limits for filing any motions or

23  applications for extension of time pursuant to applicable law.

24  **5.**   **DESIGNATING PROTECTED MATERIAL**

25      5.1   Exercise of Restraint and Care in Designating Material for Protection. Each

26  Party or Non-Party that designates information or items for protection under this Order

27  must take care to limit any such designation to specific material that qualifies under the

28  appropriate standards. The Designating Party must designate for protection only those



KRONENBERGER | ROSENFELD

150 Post Street, Suite 520, San Francisco, CA  94108

1  parts of material, documents, items, or oral or written communications that qualify – so
2  that other portions of the material, documents, items, or communications for which
3  protection is not warranted are not swept unjustifiably within the ambit of this Order.

4      Mass, indiscriminate, or routinized designations are prohibited. Designations that
5  are shown to be clearly unjustified or that have been made for an improper purpose (e.g.,
6  to unnecessarily encumber or retard the case development process or to impose
7  unnecessary expenses and burdens on other parties) expose the Designating Party to
8  sanctions.

9      If it comes to a Designating Party's attention that information or items that it
10 designated for protection do not qualify for protection, that Designating Party must
11 promptly notify all other Parties that it is withdrawing the mistaken designation.

12     5.2   Manner and Timing of Designations.  Except as otherwise provided in this
13 Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or
14 ordered, Disclosure or Discovery Material that qualifies for protection under this Order
15 must be clearly so designated before the material is disclosed or produced.

16     Designation in conformity with this Order requires:

17     (a)  for information in documentary form (e.g., paper or electronic documents,
18 but excluding transcripts of depositions or other pretrial or trial proceedings), that the
19 Producing Party affix the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to
20 each page that contains protected material. If only a portion or portions of the material on
21 a page qualifies for protection, the Producing Party also must clearly identify the
22 protected portion(s) (e.g., by making appropriate markings in the margins). A Party or
23 Non-Party that makes original documents or materials available for inspection need not
24 designate them for protection until after the inspecting Party has indicated which material
25 it would like copied and produced. During the inspection and before the designation, all
26 of the material made available for inspection shall be deemed "ATTORNEYS' EYES
27 ONLY." After the inspecting Party has identified the documents it wants copied and
28 produced, the Producing Party must determine which documents, or portions thereof,

KRONENBERGER | ROSENFELD

150 Post Street, Suite 520, San Francisco, CA  94108

1  qualify for protection under this Order. Then, before producing the specified documents,

2  the Producing Party must affix the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"

3  legend to each page that contains Protected Material. If only a portion or portions of the

4  material on a page qualifies for protection, the Producing Party also must clearly identify

5  the protected portion(s) (e.g., by making appropriate markings in the margins).

6        (b)  for testimony given in deposition or in other pretrial or trial proceedings,

7  that the Designating Party identify on the record, before the close of the deposition,

8  hearing, or other proceeding, all protected testimony.

9        (c)  for information produced in some form other than documentary and for any

10  other tangible items, that the Producing Party affix in a prominent place on the exterior of

11  the container or containers in which the information or item is stored the legend

12  "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  If only a portion or portions of the

13  information or item warrant protection, the Producing Party, to the extent practicable,

14  shall identify the protected portion(s).

15        5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure

16  to designate qualified information or items does not, standing alone, waive the

17  Designating Party's right to secure protection under this Order for such material. Upon

18  timely correction of a designation, the Receiving Party must make reasonable efforts to

19  assure that the material is treated in accordance with the provisions of this Order.

20  **6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

21        6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation

22  of confidentiality at any time. Unless a prompt challenge to a Designating Party's

23  confidentiality designation is necessary to avoid foreseeable, substantial unfairness,

24  unnecessary economic burdens, or a significant disruption or delay of the litigation, a

25  Party does not waive its right to challenge a confidentiality designation by electing not to

26  mount a challenge promptly after the original designation is disclosed.

27        6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution

28  process by providing written notice of each designation it is challenging and describing

KRONENBERGER | ROSENFELD

150 Post Street, Suite 520, San Francisco, CA  94108

1 the basis for each challenge. To avoid ambiguity as to whether a challenge has been

2 made, the written notice must recite that the challenge to confidentiality is being made in

3 accordance with this specific paragraph of the Protective Order. The parties shall attempt

4 to resolve each challenge in good faith and must begin the process by conferring directly

5 (in voice to voice dialogue; other forms of communication are not sufficient) within 14

6 days of the date of service of notice. In conferring, the Challenging Party must explain

7 the basis for its belief that the confidentiality designation was not proper and must give

8 the Designating Party an opportunity to review the designated material, to reconsider the

9 circumstances, and, if no change in designation is offered, to explain the basis for the

10 chosen designation. A Challenging Party may proceed to the next stage of the challenge

11 process only if it has engaged in this meet-and-confer process first or establishes that the

12 Designating Party is unwilling to participate in the meet-and-confer process in a timely

13 manner.

14       6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court

15 intervention, the Designating Party shall file and serve a motion to retain confidentiality

16 under the applicable local rule (and in compliance with Civil Local Rule 141, if applicable)

17 within 21 days of the initial notice of challenge or within 14 days of the parties agreeing

18 that the meet-and-confer process will not resolve their dispute, whichever is earlier. Each

19 such motion must be accompanied by a competent declaration affirming that the movant

20 has complied with the meet-and-confer requirements imposed in the preceding

21 paragraph. Failure by the Designating Party to make such a motion including the

22 required declaration within 21 days (or 14 days, if applicable) shall automatically waive

23 the confidentiality designation for each challenged designation. In addition, the

24 Challenging Party may file a motion challenging a confidentiality designation at any time

25 if there is good cause for doing so, including a challenge to the designation of a

26 deposition transcript or any portions thereof. Any motion brought pursuant to this

27 provision must be accompanied by a competent declaration affirming that the movant

28 has complied with the meet-and-confer requirements imposed by the preceding

KRONENBERGER | ROSENFELD
150 Post Street, Suite 520, San Francisco, CA  94108

1  paragraph.

2      The burden of persuasion in any such challenge proceeding shall be on the

3  Designating Party. Frivolous challenges, and those made for an improper purpose (e.g.,

4  to harass or impose unnecessary expenses and burdens on other parties) may expose

5  the Challenging Party to sanctions. Unless the Designating Party has waived the

6  confidentiality designation by failing to file a motion to retain confidentiality as described

7  above, all parties shall continue to afford the material in question the level of protection to

8  which it is entitled under the Producing Party's designation until the court rules on the

9  challenge.

10  **7.**    **ACCESS TO AND USE OF PROTECTED MATERIAL**

11      7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is

12  disclosed or produced by another Party or by a Non-Party in connection with this case

13  only for prosecuting, defending, or attempting to settle this litigation. Such Protected

14  Material may be disclosed only to the categories of persons and under the conditions

15  described in this Order. When the litigation has been terminated, a Receiving Party must

16  comply with the provisions of section 13 below (FINAL DISPOSITION).

17      Protected Material must be stored and maintained by a Receiving Party at a

18  location and in a secure manner that ensures that access is limited to the persons

19  authorized under this Order.

20      7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise

21  ordered by the court or permitted in writing by the Designating Party, a Receiving Party

22  may disclose any information or item designated "CONFIDENTIAL" only to:

23      (a)  the Receiving Party's Outside Counsel of Record in this action, as well as

24  employees of said Outside Counsel of Record to whom it is reasonably necessary to

25  disclose the information for this litigation and who have signed the "Acknowledgment and

26  Agreement to Be Bound" that is attached hereto as Exhibit A;

27      (b)  the officers, directors, and employees (including House Counsel) of the

28  Receiving Party to whom disclosure is reasonably necessary for this litigation and who

KRONENBERGER | ROSENFELD

150 Post Street, Suite 520, San Francisco, CA 94108

1  have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

2      (c)  Experts (as defined in this Order) of the Receiving Party to whom

3  disclosure is reasonably necessary for this litigation and who have signed the

4  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

5      (d)  the court and its personnel;

6      (e)  court reporters and their staff, professional jury or trial consultants, mock

7  jurors, and Professional Vendors to whom disclosure is reasonably necessary for this

8  litigation and who have signed the "Acknowledgment and Agreement to Be Bound"

9  (Exhibit A);

10      (f)  during their depositions, witnesses in the action to whom disclosure is

11  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be

12  Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the

13  court. Pages of transcribed deposition testimony or exhibits to depositions that reveal

14  Protected Material must be separately bound by the court reporter and may not be

15  disclosed to anyone except as permitted under this Stipulated Protective Order.

16      (g)  the author or recipient of a document containing the information or a

17  custodian or other person who otherwise possessed or knew the information.

18      7.3  Disclosure of "ATTORNEYS' EYES ONLY" Information or Items. Unless

19  otherwise ordered by the court or permitted in writing by the Designating Party, a

20  Receiving Party may disclose any information or item designated "ATTORNEYS' EYES

21  ONLY" only to:

22      (a)  the Receiving Party's Outside Counsel of Record in this action, as well as

23  employees of said Outside Counsel of Record to whom it is reasonably necessary to

24  disclose the information for this litigation and who have signed the "Acknowledgment and

25  Agreement to Be Bound" that is attached hereto as Exhibit A;

26      (b)  Experts (as defined in this Order) of the Receiving Party to whom

27  disclosure is reasonably necessary for this litigation and who have signed the

28  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

1    (c)  the court and its personnel;

2    (d)  court reporters and their staff, professional jury or trial consultants, mock

3  jurors, and Professional Vendors to whom disclosure is reasonably necessary for this

4  litigation and who have signed the "Acknowledgment and Agreement to Be Bound"

5  (Exhibit A);

6    (e)  during their depositions, witnesses in the action to whom disclosure is

7  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be

8  Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the

9  court. Pages of transcribed deposition testimony or exhibits to depositions that reveal

10 Protected Material must be separately bound by the court reporter and may not be

11 disclosed to anyone except as permitted under this Stipulated Protective Order.  If the

12 receiving Party wishes to disclose Attorneys' Eyes Only documents to a witness (who is

13 not an employee of the Disclosing Party) during a deposition, the Party shall meet and

14 confer with the Disclosing Party at least 5 court days in advance of such deposition

15 regarding such documents.

16    (f)  the author or recipient of a document containing the information or a

17 custodian or other person who otherwise possessed or knew the information.

18    (g) ATTORNEYS' EYES ONLY documents and information shall not be

19 disclosed or disseminated to employees and other personnel of the Receiving Party.

20 **8.**    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**

21 **OTHER LITIGATION**

22    If a Party is served with a subpoena or a court order issued in other litigation that

23 compels disclosure of any information or items designated in this action as

24 "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by any other Party to this Agreement,

25 the Party served with the subpoena/order must:

26    (a)  promptly notify in writing the Designating Party. Such notification shall

27 include a copy of the subpoena or court order;

28    (b)  promptly notify in writing the party who caused the subpoena or order to

1   issue in the other litigation that some or all of the material covered by the subpoena or

2   order is subject to this Protective Order. Such notification shall include a copy of this

3   Stipulated Protective Order; and

4          (c)   cooperate with respect to all reasonable procedures sought to be pursued

5   by the Designating Party whose Protected Material may be affected.

6         If the Designating Party timely seeks a protective order, the Party served with the

7   subpoena or court order shall not produce any information designated in this action as

8   "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" before a determination by the court

9   from which the subpoena or order issued, unless the Party has obtained the Designating

10  Party's permission. The Designating Party shall bear the burden and expense of seeking

11  protection in that court of its confidential material – and nothing in these provisions

12  should be construed as authorizing or encouraging a Receiving Party in this action to

13  disobey a lawful directive from another court.

14  **9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN**

15  **THIS LITIGATION**

16         (a)   The terms of this Order are applicable to information produced by a Non-

17  Party in this action and designated as "CONFIDENTIAL" or "ATTORNEYS' EYES

18  ONLY." Such information produced by Non-Parties in connection with this litigation is

19  protected by the remedies and relief provided by this Order. Nothing in these provisions

20  should be construed as prohibiting a Non-Party from seeking additional protections.

21         (b)   In the event that a Party is required, by a valid discovery request, to

22  produce a Non-Party's confidential information in its possession, and the Party is subject

23  to an agreement with the Non-Party not to produce the Non-Party's confidential

24  information, then the Party shall:

25         (1)   promptly notify in writing the Requesting Party and the Non-Party that

26  some or all of the information requested is subject to a confidentiality agreement with a

27  Non-Party;

28         (2)   promptly provide the Non-Party with a copy of the Stipulated Protective

KRONENBERGER | ROSENFELD    150 Post Street, Suite 520, San Francisco, CA  94108

1  Order in this litigation, the relevant discovery request(s), and a reasonably specific

2  description of the information requested; and

3          (3)  make the information requested available for inspection by the Non-

4  Party.

5          (c)  If the Non-Party fails to object or seek a protective order from this court

6  within 14 days of receiving the notice and accompanying information, the Receiving Party

7  may produce the Non-Party's confidential information responsive to the discovery

8  request. If the Non-Party timely seeks a protective order, the Receiving Party shall not

9  produce any information in its possession or control that is subject to the confidentiality

10  agreement with the Non-Party before a determination by the court. Absent a court order

11  to the contrary, the Non-Party shall bear the burden and expense of seeking protection in

12  this court of its Protected Material.

13  **10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

14          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

15  Protected Material to any person or in any circumstance not authorized under this

16  Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the

17  Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all

18  unauthorized copies of the Protected Material, (c) inform the person or persons to whom

19  unauthorized disclosures were made of all the terms of this Order, and (d) request such

20  person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is

21  attached hereto as Exhibit A.

22  **11.    INADVERTENT   PRODUCTION   OF   PRIVILEGED   OR   OTHERWISE**

23  **PROTECTED   MATERIAL**

24          When a Producing Party gives notice to Receiving Parties that certain

25  inadvertently produced material is subject to a claim of privilege or other protection, the

26  obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure

27  26(b)(5)(B). This provision is not intended to modify whatever procedure may be

28  established in an e-discovery order that provides for production without prior privilege

1   review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach

2   an agreement on the effect of disclosure of a communication or information covered by

3   the attorney-client privilege or work product protection, the parties may incorporate their

4   agreement in the stipulated protective order submitted to the court.

5   **12.   <u>MISCELLANEOUS</u>**

6       12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any

7   person to seek its modification by the court in the future.

8       12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this

9   Protective Order no Party waives any right it otherwise would have to object to disclosing

10  or producing any information or item on any ground not addressed in this Stipulated

11  Protective Order. Similarly, no Party waives any right to object on any ground to use in

12  evidence of any of the material covered by this Protective Order.

13      12.3   <u>Filing Protected Material</u>. Without written permission from the Designating

14  Party or a court order secured after appropriate notice to all interested persons, a Party

15  may not file in the public record in this action any Protected Material. A Party that seeks

16  to file under seal any Protected Material must comply with Civil Local Rule 141. Protected

17  Material may only be filed under seal pursuant to a court order authorizing the sealing of

18  the specific Protected Material at issue. Pursuant to Civil Local Rule 141, a sealing order

19  will issue only upon a request establishing that the Protected Material at issue is

20  privileged, protectable as a trade secret, or otherwise entitled to protection under the law.

21  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local

22  Rule 141 is denied by the court, then the Receiving Party may file the information in the

23  public record pursuant to Civil Local Rule 141 unless otherwise instructed by the court.

24  **13.   <u>FINAL DISPOSITION</u>**

25      Within 60 days after the final disposition of this action, as defined in paragraph 4,

26  each Receiving Party must return all Protected Material to the Producing Party or destroy

27  such material. As used in this subdivision, "all Protected Material" includes all copies,

28  abstracts, compilations, summaries, and any other format reproducing or capturing any of

KRONENBERGER | ROSENFELD

150 Post Street, Suite 520, San Francisco, CA 94108

the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**



Dated: June 28, 2018                          **KRONENBERGER ROSENFELD, LLP**


                                              By:   /s/ Jeffrey M. Rosenfeld
                                                        Jeffrey M. Rosenfeld

                                              Attorneys for Plaintiff Oriana Harrison

Dated: June 25, 2018                          **GAURAV BOBBY KALRA**


                                              By:   /s/ Guarav Bobby Kalra (as
                                              authorized on June 25, 2018)
                                                        Gaurav Bobby Kalra

                                              Attorneys for Defendants Portfolio Group
                                              Management, Inc., Executive
                                              Management Solutions, Inc. d/b/a TaxCite,
                                              David Glenwinkel, and Kristi Crowley

1   **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

2

3   DATED: _____   _____

4                                            United States District/Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KRONENBERGER | ROSENFELD

150 Post Street, Suite 520, San Francisco, CA  94108

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Eastern District of California on

_____ [date] in the case of *Oriana Harrison v. Portfolio Group Management, Inc., et*

*al.,* Case No. 2:18-cv-01104-MCE-KJN. I agree to comply with and to be bound by all the

terms of this Stipulated Protective Order and I understand and acknowledge that failure

to so comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item that is

subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Eastern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this

action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with this

action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____


City and State where sworn and signed: _____


Printed name: _____


Signature: _____

Case No. 2:18-cv-01104-MCE-KJN

15

**STIP. PROTECTIVE ORDER AND [PROP.] ORDER**