K. Greg Peterson, Esq. (SBN: 118287)
K. GREG PETERSON, A PROFESSIONAL LAW CORPORATION
455 Capitol Mall, Suite 325
Sacramento, California 95814
Telephone: (916) 443-3010
Facsimile: (916) 492-2680
Email: greg@kgregpeterson.com

Attorney for Plaintiffs EL MACERO PARTNERS, LLC, a California limited liability company, and FAIR PLAZA II, LTD., a California limited partnership

Diane G. Kindermann Henderson, Esq. (SBN 144426)
Glen C. Hansen (SBN 166923)
ABBOTT & KINDERMANN, INC.
2100 21st Street
Sacramento, California 95818
Telephone: (916) 456-9595
Facsimile: (916) 456-9599
Email: dkindermann@aklandlaw.com
Email: ghansen@aklandlaw.com

Attorneys for Defendants BYONG HYON SON, MYONG HEE SON and EL MACERO CLEANERS, INC., a California corporation

Brett H. Oberst, Esq. (SBN: 196219)
DOLL AMIR & ELEY LLP
725 S. Figueroa Street, Suite 3275
Los Angeles, CA 90017
Telephone: (213) 542-3380
Facsimile: (213) 542-3163
Email: boberst@dollamir.com

Attorneys for Defendant AMERICAN GENERAL LIFE INSURANCE Company, a Texas corporation

Edward R. Hugo, Esq. (SBN: 124839)
Christina M. Glezakos, Esq. (SBN: 229928)
Hugo Parker, LLP
240 Stockton Street, Floor 8
San Francisco, CA 94108-5325
Telephone: (415) 808-0300
Facsimile: (415) 808-0333
Email: ehugo@hugoparker.com

Attorney for TIG Group, on behalf of Defendant ESTATE OF WILLIAM R. SUTTON, DECEASED, sued herein pursuant to California Probate Code sections 550 through 555

-1-
STIPULATION & REQUEST FOR LEAVE OF COURT TO EXTEND THE APRIL 16, 2019 STAY OF DISCOVERY AND TIME FOR FILING ANSWERS, CROSS-CLAIMS AND/OR COUNTERCLAIMS AND FOR AN ADDITIONAL 180 DAYS AND FOR MODIFICATION OF THE COURT'S SEPTEMBER 26, 2019 ORDER AND ORDER



Kenneth R. Stone, Esq. (SBN: 67717)
HEFNER STARK & MAROIS, LLP
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone: (916) 925-6620
Facsimile: (916) 925-1127
Email: kstone@hsmlaw.com

Attorneys for DAWNA F. SUTTON, Individually and as General Partner of CAL-WEST SUTTON, a California general partnership; DAWNA F. SUTTON, As Successor Trustee of The Sutton Family Revocable Trust Dated October 6, 1997; DAWNA F. SUTTON, as Trustee of The William R. Sutton Bypass Trust; DAWNA F. SUTTON, as Trustee of The Dawna F. Sutton Survivor's Trust; and TROUBLEFREE, LLC, a California limited liability company

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EL MACERO PARTNERS, LLC, et al., | Case No.: 2:18-cv-01090-MCE-DB |
| Plaintiffs, | STIPULATION AND REQUEST FOR LEAVE OF COURT TO EXTEND THE SEPTEMBER 26, 2019 STAY OF DISCOVERY AND TIME FOR FILING ANSWERS, CROSS-CLAIMS AND/OR COUNTERCLAIMS FOR AN ADDITIONAL ONE YEAR PERIOD AND FOR MODIFICATION OF THE COURT'S SEPTEMBER 26, 2019 ORDER; AND ORDER |
| v. | |
| ESTATE OF WILLIAM R. SUTTON, et al., | |
| Defendants. | |

The Parties hereto, by and through their attorneys of record, hereby stipulate to the following facts in support of a joint request for leave of Court to extend for an additional one year period the deadlines set forth in the Court's September 26, 2019 Order regarding discovery and time for filing answers, crossclaims and/or counterclaims and for modification of the Court's September 26, 2019 Order as follows:



-2-
STIPULATION & REQUEST FOR LEAVE OF COURT TO EXTEND THE APRIL 16, 2019 STAY OF DISCOVERY AND TIME FOR FILING ANSWERS, CROSS-CLAIMS AND/OR COUNTERCLAIMS AND FOR AN ADDITIONAL180 DAYS AND FOR MODIFICATION OF THE COURT'S SEPTEMBER 26, 2019 ORDER AND ORDER

I. <u>STATUS OF THE ACTION:</u>

A. Plaintiffs EL MACERO PARTNERS, LLC, a California limited liability company, and FAIR PLAZA II, LTD., a California limited partnership, filed their Complaint herein on or about April 3, 2018. Thereafter, on or about August 21, 2018, Plaintiffs filed their First Amended Complaint ("FAC"), adding Defendant B.C. TILE II, INC. DBA COTTONWOOD CLEANERS AND EL MACERO CLEANERS ("B.C. Tile II, Inc.");

B. The following Defendants have filed their Answers to Plaintiffs' FAC:

- DAWNA F. SUTTON; individually and as General Partner of CAL-WEST SUTTON, a California general partnership; DAWNA F. SUTTON, as Successor Trustee of The Sutton Family Revocable Trust Dated October 6, 1997; DAWNA F. SUTTON, as Trustee of The William R. Sutton Bypass Trust; DAWNA F. SUTTON, as Trustee of The Dawna F. Sutton Survivor's Trust; CAL-WEST SUTTON, a California general partnership, and TROUBLEFREE, LLC, a California limited liability company (the "Sutton-Related Defendants"); and

- BYONG HYON SON and MYONG HEE SON, individually and doing business as EL MACERO CLEANERS and Defendant EL MACERO CLEANERS, INC. a California corporation (the "El Macero, Inc.-Related Defendants");

C. Defendant AMERICAN GENERAL, the alleged successor-in-interest to California-Western States Life Insurance Company, and TIG Group, on behalf of Defendant the ESTATE OF WILLIAM R. SUTTON, Deceased, has yet to file a response to the FAC. In accordance with the Court's September 26, 2019 Order its response is currently due to be filed on or before March 24, 2020.

D. The following Defendants have had defaults entered against them, as indicated:

- The default of Defendant CHANG SIK CHOI was entered by the Clerk of the Court as to the First Amended Complaint on February 28, 2020;

- The default of Defendant B. C. Tile II, Inc. was entered by the Clerk of the Court as to the First Amended Complaint on December 4, 2018;



E. Plaintiffs have been unable to locate a personal representative for Defendant ESTATE OF SANG-EUI SIM, DECEASED or insurance carrier(s) for Mr. Sim, but Plaintiffs are continuing in their efforts to do so; and

J. Formal discovery to date has been limited to Plaintiffs' service of the Subpoenas (for production of documents) on InterWest Insurance and Nationwide Insurance and the deposition of Bill Williams, an individual formerly employed by the Sutton Defendants as a handyman at the El Macero Shopping Center.

II. SHOWING OF GOOD CAUSE:

A. Plaintiffs have commenced an investigation of the PCE contamination at the Site and have incurred and will continue to incur response costs related to such investigation and remediation of the contamination. However, for the reasons set forth more fully below, the full extent of Plaintiffs' damages is not yet known.

B. Plaintiffs' environmental consultant, Dr. Ijaz Jamall of Risk-Based Decisions, Inc. (RBDI), originally projected that, as an interim remedial measure, a Soil Vapor Extraction (SVE) system consisting of, among other things, three shallow-screened and three deep-screened SVE wells, would be installed and operational by approximately the summer of 2018. It was Dr. Jamall's opinion at that time that upon the expiration of a six-month period of SVE system operation he would have sufficient information in hand from on-going field work to provide a reliable estimate of the anticipated full cost of the investigation and cleanup of the Site.

C. Due to an unforeseen delay in obtaining a construction permit from the Yolo County Air District, the system was not activated until January 2019. That delay, coupled with the very wet 2019 winter and high groundwater levels that followed, prevented the system from operating and it was not until mid-August 2019 that the SVE system became partially operational.

D. Dr. Jamall has advised that because only the three shallow wells began operating in August 2019 and because an expected summertime drop in groundwater levels did not occur, the deeper vapor extraction wells are submerged and are expected



1 to remain submerged beyond the end of the 2019/2020 rainy season. However, once the groundwater levels have dropped sufficiently, Plaintiffs' consultant intends to operate all six of the SVE wells through at least the end of summer 2020, and as long as the groundwater levels permit. It is Dr. Jamall's continued professional opinion that he will need a minimum of six months of data before he can provide a reliable estimate of the full cost of the investigation and cleanup of the Site, which, at this point, appears to possibly be another year or more away.

E. To complicate matters, Dr. Jamall has further advised that the Water Board staff have recently proposed dropping the Environmental Screening Levels (ESL) to close a commercial PCE site by a factor of 30 from 2,100 µg/m3 at five-feet below grade or in the sub-slab space under a building to 67 µg/m3, which will make it extremely difficult to effectively close most commercial sites.[1] While the proposed regulations have not been formally adopted and are still in the public comment stage, the Water Board has been reluctant to close sites outside of those standards. RBDI and other stakeholders in the environmental remediation industry have submitted written comments but the final adoption of the proposed changes of the ESL faces great uncertainty at this moment.

F. In view of the much more extended period of delay than the Parties had originally anticipated, the result of which is the absence of meaningful data on which to rely for purposes of discussing settlement, much less complete discovery, and coupled with the fact that this is a fourth proposed extension and stay, the Parties hereto have jointly agreed to propose a one-year extension of the September 26, 2019 stay while awaiting reliable data and discussing the possibility of resolution of this matter through informal means and/or through the services of an independent, third-party mediator in an effort to preserve judicial resources and avoid incurring further and possibly unnecessary litigation costs.

---

[1][1] The results of the 2016 soil gas sampling at six feet at the El Macero Center ranged from a high of 24,000 µg/m3 to a low of ND (non-detect).



III. STIPULATION

NOW, THEREFORE, it is hereby stipulated by and between the Parties hereto, by and through their respective counsel, that, subject to the Court's approval:

1. There shall be a one-year extension of the existing deadlines set forth in the Court's September 26, 2019 Order in this matter of all non-expert written discovery, including interrogatories, requests for admission and, except as set forth hereinbelow in Paragraph 2, document requests; all Party depositions; all expert witness discovery, including expert witness disclosure, exchange of reports and the taking of expert depositions;

2. During the above-described one-year extension period, the Parties shall have the ability to subpoena third-party documents;

3. There shall be a one-year extension of the date for responding to the FAC, including bringing cross-claims and/or counterclaims by all Parties, and any responses, cross-claims, and/or counterclaims shall be served and filed within 14 days following the expiration of the one-year extension period;

4. There shall be a one-year extension of the current date for completion of all non-expert discovery, which date is currently calculated as October 26, 2020. This extension shall have the effect of *also extending* all other dates in the Court's September 26, 2019 Order, including, but not limited to, designation of expert witnesses, exchanging of written reports and supplemental designations of expert witnesses, filing of dispositive motions, and filing of a Joint Notice of Trial Readiness; and

5. All of the foregoing dates shall be calculated from and after the dates extended pursuant to the Court's September 26, 2019 Order, as shown below:

| TASK | EXTENSION | CURRENT DATE PER 9/26/2019 ORDER | NEW DATE |
| --- | --- | --- | --- |
| Non-Expert Discovery Completion | One-year extension from non-expert discovery completion date | 10/26/2020 | 10/26/2021 |
| | | | |

STIPULATION & REQUEST FOR LEAVE OF COURT TO EXTEND THE APRIL 16, 2019 STAY OF DISCOVERY AND TIME FOR FILING ANSWERS, CROSS-CLAIMS AND/OR COUNTERCLAIMS AND FOR AN ADDITIONAL180 DAYS AND FOR MODIFICATION OF THE COURT'S SEPTEMBER 26, 2019 ORDER AND ORDER

KGP
K.GREG PETERSON
A PROFESSIONAL LAW CORPORATION

| Written Discovery | One-year stay | 2/25/2020 | 2/25/2021 |
| --- | --- | --- | --- |
| Expert Disclosure + reports | 60 days from extended Non-Expert Discovery Completion Date | 12/28/2020 | 12/28/2021 |
| Supplemental Expert Disclosure | 30 days after designation of experts | 1/27/2021 | 1/27/2022 |
| Dispositive Motions | One-year extension from non-expert discovery completion date | 4/26/2021 | 4/26/2022 |
| Joint Notice of Trial Readiness – to be filed not later than 30 days after last ruling on a dispositive motion | | | TBD based on date of last ruling on a dispositive motion |
| Response to First Amended Complaint, Cross-claims/ Counterclaims | One-year stay + 14 days | 3/24/2020 | 3/24/2021 |

1

   IT IS SO STIPULATED.

Dated:  March 30, 2020, 2020  K. GREG PETERSON, a
Professional Law Corporation


By: /s/ K. Greg Peterson
       K. Greg Peterson, Esq.
Attorney for EL MACERO PARTNERS, LLC, a
California limited liability company, and FAIR PLAZA II,
LTD., a California limited partnership




Dated:  March 27, 2020   ABBOTT & KINDERMANN, INC.


By: /s/ Glen C. Hansen (as authorized 3/24/2020)
       Diane G. Kindermann Henderson, Esq.
Attorneys for Defendants BYONG HYON SON,
MYONG HEE SON and EL MACERO CLEANERS,
INC., a California corporation

-7-

| | | |
|---|---|---|
| 1 | Dated: March 27, 2020 | DOLL AMIR & ELEY |
| 2 | | |
| 3 | | By: /s/ Brett H. Oberst (as authorized 3/27/20) |
| 4 | | Brett H. Oberst, Esq. |
| | | Attorneys for Defendant AMERICAN GENERAL LIFE |
| 5 | | INSURANCE COMPANY, a Texas corporation |

Dated: March 24, 2020        HEFNER STARK & MAROIS

By: /s/ Kenneth R. Stone (as authorized 3/24/2020)
    Kenneth R. Stone, Esq.
Attorneys for DAWNA F. SUTTON, Individually and as General Partner of CAL-WEST SUTTON, a California general partnership; DAWNA F. SUTTON, As Successor Trustee of The Sutton Family Revocable Trust Dated October 6, 1997; DAWNA F. SUTTON, as Trustee of The William R. Sutton Bypass Trust; DAWNA F. SUTTON, as Trustee of The Dawna F. Sutton Survivor's Trust; and TROUBLEFREE, LLC, a California limited liability company

Dated: March 27, 2020        HUGO PARKER, LLP

By: /s/ Christina M. Glezakos (as authorized 3/27/2020)
    Christina M. Glezakos, Esq.
Attorney for TIG Group, on behalf of Defendant ESTATE OF WILLIAM R. SUTTON, DECEASED, sued herein pursuant to California Probate Code sections 550 through 555



-8-
STIPULATION & REQUEST FOR LEAVE OF COURT TO EXTEND THE APRIL 16, 2019 STAY OF DISCOVERY AND TIME FOR FILING ANSWERS, CROSS-CLAIMS AND/OR COUNTERCLAIMS AND FOR AN ADDITIONAL180 DAYS AND FOR MODIFICATION OF THE COURT'S SEPTEMBER 26, 2019 ORDER AND ORDER

# **ORDER**

The Court, having received, read, and considered the stipulation of the Parties, and good cause appearing as required by Federal Rules of Civil Procedure, rule 16(b)(4), hereby adopts the stipulation of the Parties in its entirety as its order, as follows:

1. There shall be a one-year extension of the deadlines set forth in this Court's September 26, 2019 Order in this matter of all non-expert written discovery, including interrogatories, requests for admission and, except as set forth hereinbelow in Paragraph 2, document requests; all Party depositions; all expert witness discovery, including expert witness disclosure, exchange of reports and the taking of expert depositions;

2. During the above-described one-year extension period, the Parties shall have the ability to subpoena third-party documents;

3. There shall be a one-year extension of the date for responding to the FAC, including bringing cross-claims and/or counterclaims by all Parties, and any responses, cross-claims, and/or counterclaims shall be served and filed within 14 days following the expiration of the one-year extension period;

4. There shall be a one-year extension of the current date for completion of all non-expert discovery, which date is currently calculated as October 26, 2020. This extension shall have the effect of _also extending_ all other dates in the Court's September 26, 2019 Order, including, but not limited to, designation of expert witnesses, exchanging of written reports and supplemental designations of expert witnesses, filing of dispositive motions, and filing of a Joint Notice of Trial Readiness; and

5. All of the foregoing dates shall be calculated from and after the dates previously extended pursuant to the Court's September 26, 2019 Order, as shown below:

/ / /
/ / /
/ / /
/ / /
/ / /



-9-

STIPULATION & REQUEST FOR LEAVE OF COURT TO EXTEND THE APRIL 16, 2019 STAY OF DISCOVERY AND TIME FOR FILING ANSWERS, CROSS-CLAIMS AND/OR COUNTERCLAIMS AND FOR AN ADDITIONAL 180 DAYS AND FOR MODIFICATION OF THE COURT'S SEPTEMBER 26, 2019 ORDER AND ORDER

| TASK | EXTENSION | CURRENT DATE PER 9/26/2019 ORDER | NEW DATE |
|------|-----------|-----------------------------------|----------|
| Non-Expert Discovery Completion | One-year extension from non-expert discovery completion date | 10/26/2020 | 10/26/2021 |
| Written Discovery | One-year stay | 2/25/2020 | 2/25/2021 |
| Expert Disclosure + reports | 60 days from extended Non-Expert Discovery Completion Date | 12/28/2020 | 12/28/2021 |
| Supplemental Expert Disclosure | 30 days after designation of experts | 1/27/2021 | 1/27/2022 |
| Dispositive Motions | One-year extension from non-expert discovery completion date | 4/26/2021 | 4/26/2022 |
| Joint Notice of Trial Readiness – to be filed not later than 30 days after last ruling on a dispositive motion | | | TBD based on date of last ruling on a dispositive motion |
| Response to First Amended Complaint, Cross-claims/ Counterclaims | One-year stay + 14 days | 3/24/2020 | 3/24/2021 |

IT IS SO ORDERED.

Dated: March 31, 2020

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

